## TODD WILLIAMS v. THE STATE.

No. 16381. Delivered February 7, 1934.
Reported in 68 S. W. (2d) 188.

The opinion states the case.

*J. G. Minkert,* of Bryan, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for assault to murder; punishment, four years in the penitentiary.

Appellant, Hogan and Knox were jointly indicted for assault to murder Kernole. Severance being had, Knox and Hogan were first tried. Both were used as witnesses for the state on this trial. Neither testified to any agreement between themselves, or between them and appellant,—to assault Kernole, or to take or attempt to take his life or money.

Kernole swore that he had a store two miles from Bryan, in Brazos county, Texas, and that on Saturday night, April 8, 1933, as he was getting ready to close up, Walter Knox came in, presented a pistol, and said something like,—"Put 'em up," —and when witness made a lunge at him Knox shot him in the shoulder. Kernole said that he neither saw nor heard anyone else there at the time, save his own wife who was somewhere about the building. Knox, for the state, swore that he and

other negroes fell in with appellant that night; that appellant had a club, and told them that Kernole owed him some money and he wanted it, was going to have it, and asked them to go with him. Knox further testified he told appellant he would not go with him, but that they all walked along until they got in front of Kernole's store. Here witness said appellant told them "Let's have some cigarettes," or "You all take some cigarettes on me." Knox further testified that he told appellant he did not care for any cigarettes, but Hogan said "Hell, let's have one," and Hogan and appellant stopped. Witness said that he waited in the road, and that appellant walked inside the fence, and finally he said as follows: "The gun went off and I jumped up and Mr. Kernole holloed 'Oh, Lordy, I am shot.'" Witness said he then ran down beside a field but did not go through the field. He testified that appellant was the only man who went into Kernole's store that night, and that he saw appellant shoot Kernole. He denied that he shot Kernole. Hogan testified for the state that when Kernole was shot he and appellant were about fifteen feet from the store, "sorta in front." He testified that Knox shot Kernole; that as they came up to the store Knox said to them to wait for him as he was going to buy some cigarettes. Appellant did not testify. Aside from the testimony of Knox and Hogan, the state introduced three witnesses who swore to tracks leading from near Kernole's store through a freshly plowed field; one set of which tracks, one of these witnesses said, fit the shoes of appellant.

As we understand this record, a conviction of this appellant of the offense of assault to murder, appears not only to be unsupported by testimony but against the weight of same. Kernole testifies positively that Knox shot him, and that Knox was the only person in the house besides Kernole's wife at the time. Hogan, another state witness, testified that Knox shot Kernole, and gave other testimony which seems to do away with the idea that there was any knowledge on the part of witness or appellant that Knox intended to shoot Kernole when he left them "to go and get some cigarettes." Knox, a state witness, swore point blank that appellant shot Kernole, and gave other testimony showing lack of agreement or knowledge on his part, or that of Hogan, that any shooting was in contemplation.

To us it would seem absurd to claim that a conviction of this appellant of assault to murder, could rest on any sufficient proof that appellant shot Kernole. It would be equally plain that such conviction could not stand upon the theory that appellant was a principal with Knox, who did the shooting, unless there be some testimony supporting the proposition of prior

knowledge and agreement coupled with presence; or else showing an acting together between Knox and appellant at the time of the shooting. Nothing in this record furnishes basis for any belief of an acting together of said parties in the shooting of Kernole, save the fact that when Kernole was shot appellant was outside the store, somewhere near, and that he ran away; facts which we do not deem sufficient to justify the sending of this negro boy to the penitentiary as a principal with Knox in this shooting.

Deeming the evidence insufficient, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*